```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERRY GALIANO, et al.,

                          Plaintiffs,

    -v-

FIDELITY NATIONAL TITLE INSURANCE
COMPANY, et al.,

                         Defendants.

Case Nos.
08-CV-01317 (KMK)
08-CV-01494 (KMK)
08-CV-01597 (KMK)
08-CV-01547 (KMK)
08-CV-01729 (KMK)
08-CV-01644 (KMK)
and all related cases.

ORDER

KENNETH M. KARAS, District Judge:

    Plaintiffs in *Suarez v. Fidelity National Insurance Co.* (08-CV-1955) and *Rovelo v. Fidelity National Insurance Co.* (08-CV-1830) (the "*Suarez* and *Rovelo* Plaintiffs"), move the Court to transfer the consolidated action, *Galiano v. Fidelity National Insurance Co.* (08-CV-1317), to which their cases are related, to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a), and to stay further proceedings in this case pending resolution of the request to transfer.[1] The *Suarez* and *Rovelo* Plaintiffs argue that the actions pending in this Court are replicas of cases that were first filed, and that are currently pending, in a consolidated action in the Eastern District, *Dolan v. Fidelity National Insurance Co.* (No. 08-CV-466) (the "Eastern District Action").[2]

    All Parties in *Galiano* argue that the *Suarez* and *Rovelo* Plaintiffs are not parties in

---

[1] Section 1404(a) permits the transfer of any civil action to any other district where the case might have been brought, as long as such a transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a).

[2] Lead counsel in the Eastern District Action have written a letter to the Court also advocating transfer. (Letter from Gordon Schnell, Esq. to the Court (Oct. 20, 2008).)

*Galiano*, and their preferences regarding venue are not cognizable. In fact, non-parties have no basis to compel transfer of a case. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116 (2d Cir. 1992) (noting that "non-parties usually lack standing to challenge venue dispositions"). However, "[p]arties and witnesses are not the only participants in the litigation process that have an interest in determining where controversies are adjudicated," and "[c]ourts have an independent institutional concern." *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at * 1 (S.D.N.Y. Apr. 24, 2003). Indeed, the case law is clear that "[i]n considering a transfer of venue, whether or not a party has moved for a transfer is not dispositive; a district court may transfer cases *sua sponte* under Section 1404(a)." *Wightman-Cervantes v. Am. Civil Liberties Union*, No. 06-CV-4708, 2007 WL 1805483, at *2 (S.D.N.Y. June 25, 2007); *accord Lead Indus. Ass'n, Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer [s]ua sponte."); *Cento*, 2003 WL 1960595, at *1 ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *Am. Online Latino v. Am. Online, Inc.*, No. 02-CV-4796, 2003 WL 1842874, at *1 n.2 (S.D.N.Y. Apr. 2, 2003) ("[I]t bears noting that a district court may transfer an action pursuant to § 1404(a) on its own motion."). On the basis of this authority and in the interests of judicial efficiency, the Court finds that transfer of the *Galiano* action and all related actions to the Eastern District of New York is warranted.[3]

---

[3] The Court notes that the case cited by Plaintiffs, *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966), held that a district judge should not, "in the absence of extraordinary circumstances," *dismiss* a case *sua sponte* based on the lack of proper venue and did not address the *sua sponte transfer* of a case pursuant to 28 U.S.C. § 1404. *See also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (applying *Concession Consultants* to vacate a district court's dismissal of a pro se complaint on the basis of improper venue). Regardless, as discussed below, the Court has given serious consideration to the fact that, in this

2

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see also In re Cuyahoga Equip. Corp.*, 980 F.2d at 117 ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness . . . ."). When considering a transfer under Section 1404(a), a court initially must determine that the action is one that might have been brought in the transferee court. *See Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 400 (S.D.N.Y. 2004). It is beyond dispute in this case that both the Southern and Eastern District could exercise subject matter jurisdiction over the Plaintiffs' claims. In fact, Defendants, some of which originally advocated transfer to the Eastern District, have acknowledged that this action could have been brought in both the Southern and Eastern Districts. (Dkt. No. 16, Letter from Barry R. Ostrager, Esq. to the Court (Feb. 19, 2008) ("Dkt. No. 16") ("There is no dispute that these actions could have been brought in the Eastern District of New York.").) Further, venue is proper in the Eastern District under 28 U.S.C. § 1391(b).[4]

---

case, all Parties have expressed a preference for the case to remain in this district.

[4] Plaintiffs argue that the Consolidated Amended Complaint contains no allegations against Defendant Title Insurance Rate Service Association, Inc. ("TIRSA") that would establish that venue is proper as to that defendant in the Eastern District. Under 15 U.S.C. § 22, venue is proper "in any district wherein [the defendant] may be found or transacts business." Thus, the propriety of venue turns on the nature of the defendant's business. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 429 (2d Cir. 2005) (noting, for example, that in *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 730 (3d Cir. 1982), a defendant professional organization was found to transact business in a district when it enforced its standards against constituent organizations).

The TIRSA website indicates that TIRSA is licensed by the Superintendent of Insurance of the State of New York as the rate service organization and statistical agent for the State of

3

The Court should "next consider[] whether the convenience of the parties and witnesses and the interest of justice warrant a transfer." *See Grace v. Bank Leumi Trust Co. of New York*, No. 02-CV-6612, 2004 WL 639468, at *3 (S.D.N.Y. Mar. 31, 2004) (internal quotation marks omitted). To do so, a court considers several factors, including: "(1) the place where the operative facts occurred; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the relative ease of access of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) the forum's familiarity with the governing law; and (8) trial efficiency and the interests of justice." *Id.* (quotation marks and citations omitted); *see also Int'l Sec. Exch., LLC v. Chicago Bd. Options Exch., Inc.*, No. 06-CV-13445, 2007 WL 1541087, at *2 (S.D.N.Y. May 24, 2007) (same); *Blum v. Salomon*, No. 06-CV-3149, 2006 WL 3851157, at *4 (S.D.N.Y. Dec. 28, 2006) (same).

---

New York under Article 23 of the New York Insurance Law. *See* TIRSA Homepage, http://www.tirsa.org/. TIRSA's activities include receiving and compiling statistical data relating to title insurance from its members and developing a Title Insurance Rate Manual that sets rates and policies relating to title insurance for all of New York. *See id.* TIRSA's membership consists of title insurers in New York (including the Defendants) that operate in the Eastern District. *See id.* Indeed, the Title Insurance Rate Manual, published by TIRSA, includes the counties of Queens, Kings, Nassau, Richmond and Suffolk (which together comprise the Eastern District) as counties for which it sets title insurance policy rates. *See* TIRSA, Title Insurance Rate Manual 9 (4th ed. May 1, 2007) *available at* http://www.tirsa.org/. The one case cited by Plaintiffs, *Daniel*, involved a party that had no contacts with the venue at issue other than a single application mailed to a resident in the district. *See Daniel*, 428 F.3d at 430. Thus, it is far from clear that TIRSA does not have sufficient contacts with the Eastern District for purposes of 15 U.S.C. § 22 under the standard described in *Daniel*. *See id.* at 429 (noting that "determination whether a defendant transacted business in a district depended on a realistic assessment of the nature of the defendant's business"). In fact, TIRSA is named as a defendant in the Eastern District Action (Letter from Peter D. St. Phillip, Jr., Esq. to the Court (Oct. 21, 2008), Ex. A (*Dolan*, Consol. Am. Compl. ¶¶ 37-39)), and there is no indication that TIRSA has moved to dismiss for lack of venue or that the court has found that venue is improper as to TIRSA. Thus, the fact that Plaintiffs in this Court have not made allegations against TIRSA that would support venue in the Eastern District, does not mean that TIRSA cannot be sued in the Eastern District for any alleged anti-trust violations.

4

The first five factors are neutral as between the Southern and Eastern Districts, as the operative facts of this case and its related cases are substantially duplicative of the previously filed Eastern District Action. All of the actions allege that the same set of defendants violated the anti-trust laws by entering into a price-fixing scheme.[5] *See Berg v. First Am. Bankshares, Inc.*, 576 F. Supp. 1239, 1243 (S.D.N.Y. 1983) (transferring action where an examination of the pleadings reflected that the two cases were "intimately related" and "hinge[d] upon the same factual nuclei" (omitting internal quotation marks and citations)). Further, all of the actions are brought on behalf of a putative class that potentially includes any purchasers of title insurance from the Defendants in New York since at least 1991. (*Galiano* Consol. Am. Compl. ¶ 59; *Dolan* Consol. Am. Compl. ¶ 84.) Physically, the districts are not so far apart as to create serious logistical difficulties for parties or witnesses. *See O'Hopp v. ContiFin. Corp.*, 88 F. Supp. 2d 31, 36 (E.D.N.Y. 2000). In addition, the seventh factor is also neutral as both districts are familiar with the governing law.

Regarding the sixth factor, while courts will generally defer to a plaintiff's choice of forum, that "choice is not absolute." *Grace*, 2004 WL 639468, at *4. In the context of class actions in particular, "little weight is given to the plaintiffs' choice." *Id.*; *accord Butcher v.*

---

[5] Indeed, Defendants previously conceded as much to the Judicial Panel on Multidistrict Litigation ("MDL Panel"), arguing that the cases "arise out of the same allegations of the same set of operative facts, and transfer to one district court for pretrial services will serve the convenience of the parties and witnesses and promote the just and efficient conduct of these actions." (Defs.' Resp. in Supp. of Transfer for Coordinated or Consol. Pretrial Proceedings 9.) Similarly, Plaintiffs argued to the MDL Panel that the actions allege common facts. (Mot. of Pls. for Transfer Before Judicial Panel on Multidist. Litig. 5.)

*Gerber Prods., Co.*, No. 98-CV-1819, 1998 WL 437150, at *10 (S.D.N.Y. Aug. 3, 1998).[6] Here, both Plaintiffs and Defendants moved before the MDL Panel for consolidation in one court of this action and the Eastern District Action, as well as actions pending in other district courts across the country, arguing that the cases involved common questions of fact and law. Given this history, the Court attaches moderate weight to Plaintiffs' expressed preference for the cases remaining in this Court, although in fairness to Plaintiffs, the Court recognizes that Plaintiffs wished the MDL Panel to assign the cases to this Court.[7]

In addition, although Defendants recently sent the Court a letter stating their preference that *Galiano* proceed in this Court, some of these same Defendants previously sought to transfer this case and all related cases to the Eastern District. (Dkt. No. 16.) This Court never had the opportunity to entertain the Defendants' putative motion to transfer due to the pending MDL Panel proceedings. However, the Court notes that the Defendants argued in support of the

---

[6] Plaintiffs cite *Warrick v. General Electric Co.*, 70 F.3d 736, 741 n.7 (2d Cir. 1995), for the proposition that a plaintiff's choice of forum is still entitled to substantial consideration in a class action. However, in *Warrick*, most of the putative class members resided in the lead plaintiff's preferred forum. *See id.* ("[A] disproportionate share of the putative class members reside in [Plaintiff's] chosen forum"). Further, a transfer in *Warrick* would have prevented the putative class from being able to litigate its claims, as the transferee district had already dismissed the related action. *See id.* at 740 (noting that the transfer order effected a dismissal of the claim "without consideration by anyone"). Because that is not the case here, the concerns cited in *Warrick* are not applicable. In fact, the Parties have represented to this Court that the briefing on Defendants' motion to dismiss in the Eastern District Action is ongoing.

[7] Plaintiffs' objection that the consolidated amended complaint in the Eastern District Action does not contain the RESPA claims identified in the *Galiano* Consolidated Amended Complaint also does not alter the transfer analysis, especially where Plaintiffs argued to the MDL Panel that the "fact that certain of the related actions assert different state or federal claims does not defeat the appropriateness of transfer and centralization." (Pls.' Mem. of Law in Supp. of Mot. to Transfer Before Judicial Panel on Multidist. Litig. 6.) The bottom line, as all Parties have at some point acknowledged, is that these cases all stem from similar operative facts.

putative motion that to allow the cases to "proceed in separate districts would lead to the wastefulness of time, energy and money that 1404(a) was designed to prevent." (Dkt. No. 16 (internal quotation marks omitted).) Indeed, the Defendants' putative motion argued that the Plaintiffs' arguments against a transfer to the Eastern District were "irrelevant" and "specious." (*Id.*) Accordingly, the Court does not accord special deference to Defendants' newly-stated preference. *See Smith Indus. Med. Sys., Inc. v. Ballard Med. Prods., Inc.*, 728 F. Supp. 6, 7 (D.D.C. 1989) (*sua sponte* order transferring trademark infringement case to another district in which a related case was ongoing despite objection by the defendant).

The Court's decision to transfer this case to the Eastern District is influenced by the eighth factor, "trial efficiency and the interests of justice." *Grace*, 2004 WL 639468, at *3. As both Plaintiffs and Defendants acknowledged to the MDL Panel, *Galiano* and all related actions are similar to the Eastern District Action. "[T]he pendency of a similar or related action . . . is universally recognized as a powerful reason for granting a motion for a change of venue." *Richardson v. City of New York*, No. 87-CV-214, 1988 WL 156324, at *4 (S.D.N.Y. Oct. 14, 1988). "There is a strong policy favoring the litigation of related claims in the same tribunal in order that pre-trial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968); *see also BBC Int'l Ltd. v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438, 442 (E.D.N.Y. 2006) (same).

Where identical or substantially similar parties and claims are present in both courts, the "first-filed" rule generally will create the presumption that the case filed earliest will take priority. *See Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 274-75 (2d

Cir. 2008) (internal quotation marks omitted); *see also D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("Where there are two competing lawsuits, the first suit should have priority." (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989))). The first-filed rule "embodies considerations of judicial administration and conservation of resources." *Employers Ins. of Wausau*, 522 F.3d at 275 (internal quotation marks omitted). Here, two of the cases that are now consolidated in the Eastern District Action were filed prior to the filing of this action and all related actions pending in this Court. The Eastern District Action is a consolidated action, interim class counsel has been appointed, and the defendants in those actions (the same defendants as this case and related cases) have filed a motion to dismiss.

Courts have recognized only two exceptions to the first-filed rule: (1) where the balance of convenience factors favors the second-filed action, and (2) where special circumstances, such as forum-shopping or an improper anticipatory declaratory judgment action, warrant giving priority to the second suit. *See id.* at 275-276; *Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986). Courts have recognized that the factors to be considered in the first exception are identical to those considered in weighing whether to transfer a case pursuant to 28 U.S.C. § 1404(a), outlined above. *See Employers Ins. of Wausau*, 522 F.3d at 275 ("[T]he factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." (internal quotation marks omitted)). The Court already has conducted the Section 1404(a) analysis and determined, for the reasons explained above, that the balance of convenience factors does not favor the second-filed action. Moreover, the Court finds no

"special circumstances" that warrant giving priority to this action over the Eastern District Action. Indeed, the "special circumstances" of this case underscore the compelling reasons to transfer this case to the Eastern District. Accordingly, the two exceptions to the first-filed rule do not apply.

For the foregoing reasons, the Court orders that this case and all related cases are to be transferred forthwith to the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a), and further proceedings in these case are stayed pending execution of the transfer. The Clerk of the Court is respectfully directed to expeditiously transfer *Galiano* and all related actions to the Eastern District and to remit to that Court: (1) certified copies of this Court's Order and of the docket entries in *Galiano* and all related cases, and (2) the originals of all other papers on file in *Galiano* and all related cases.

SO ORDERED.

Dated: October 31, 2008
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

9